UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOLLIS B.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-5259 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred at step two and by rejecting Dr. Lenhart's medical opinion. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 52 years old, has at least a high school education, and has worked as a warehouse worker and a construction laborer. Admin. Record (AR) 28–29. In June 2020, Plaintiff applied for benefits, alleging disability as of June 1, 2020. AR 76–77, 84–85. Plaintiff's application was denied initially and on reconsideration. AR 82, 97. After the ALJ conducted a hearing in June 2022, the ALJ issued a decision finding Plaintiff not disabled. AR

12–74.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.      Step Two**

Plaintiff contends the ALJ erred by finding his complex regional pain syndrome (CRPS) not medically determinable and a "severe" medically determinable impairment. Dkt. 10 at 2–6.

At step two, the ALJ must determine if the claimant has a medically determinable impairment or combination of impairments that are severe, such that they would significantly limit the claimant's ability to perform basic work activities. *See Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. § 416.920(a)(4)(ii). A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.921. The claimant retains the burden of proof at step two. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Absence of objective medical evidence may justify an adverse step two determination. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005).

Here, the ALJ determined Plaintiff's CRPS was not medically determinable because it

was not "established by medical signs or laboratory findings." AR 19–20.  In doing so, the ALJ considered a letter from Dr. Lenhart, who wrote that Plaintiff "continues to have a significant degree of pain in both the left upper and lower extremities," and that Plaintiff "demonstrates significant, if not severe pain during standard orthopedic examination procedures, which are out of proportion findings on inspection and palpitation." AR 1252.  Dr. Lenhart also explained he does not believe Plaintiff "feigned and/or exaggerated his responses." *Id*.  He further wrote that Plaintiff's examination "leads [him] to entertain with some degree of medical certainty, that [Plaintiff] has developed complex regional pain syndrome in both the left upper and lower extremities." *Id*.

Social Security Ruling (SSR) 03-02P provides that CRPS "can be established in the presence of persistent complaints of pain that are typically out of proportion to the severity of any documented precipitant."  Additionally, a claimant's medical record must have "one or more of the following clinically documented signs in the affected region at any time following the documented precipitant: swelling, Autonomic instability—seen as changes in skin color or texture, changes in sweating (decreased or excessive sweating), changes in skin temperature, and abnormal pilomotor erection (gooseflesh); Abnormal hair or nail growth (growth can be either too slow or too fast); Osteoporosis; or Involuntary movements of the affected region of the initial injury."  SSR 03-02P.

Dr. Lenhart's letter stating that Plaintiff's complaints of pain in his upper and lower extremities "are out of proportion findings on inspection and palpitation" establishes one of the requirements of SSR 03-02P.  *See* AR 1252.  Plaintiff's record also demonstrates he suffered from swelling, though the ALJ did not seem to consider those treatment notes.  *See* AR 999, 858, 1081.  This was error, as SSR 03-02P states that

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

"where one or more of these abnormal signs has been documented at some point in time since the date of the precipitating injury, disability adjudicators can reliably determine that RSDS/CRPS is present and constitutes a medically determinable impairment." SRR 03-02P. Plaintiff also argues that a positive tenderness finding fulfills the "changes in skin color or texture" criteria but cites to no authority to support his argument. Dkt. 16 at 2. But in any case, that the ALJ did not consider the records showing instances of swelling indicates the ALJ did not comply with the rulings in finding whether Plaintiff's CRPS is medically determinable, let alone a severe one.

However, as Defendant points out, even if the ALJ erred, the error would be harmless. *See* Dkt. 15 at 4–5. A claimant cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds the claimant has at least one severe impairment, and still addresses the non-severe impairment when considering the claimant's residual functional capacity (RFC). *Buck*, 869 F.3d at 1048–49 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)). Here, the ALJ, after having found other severe impairments at step two, proceeded to assess Plaintiff's RFC by considering Plaintiff's complaints and medical evidence relating to his CRPS. *See* AR 23–28. Whether the ALJ properly did so is an entirely different matter.

As Plaintiff only challenged the ALJ's evaluation of only one medical opinion, the Court only addresses the ALJ's evaluation of that medical opinion in the next section. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (declining to address an ALJ's finding because the plaintiff "failed to argue th[e] issue with any specificity in his briefing").

///

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

### 2. Dr. Lenhart

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." ¡ *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a).  Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. § 416.920c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Dr. Lenhart opined Plaintiff can stand and/or walk for two to four hours, sit for four to six hours, and needs to recline for four to six hours during an eight-hour workday.  AR 1254.  Dr. Lenhart also opined Plaintiff is limited to frequent handling and manipulating with his left upper extremity and frequent reaching with the left upper extremity.  AR 1255.

Plaintiff argues the ALJ could not have correctly evaluated Dr. Lenhart's opinion given that the ALJ improperly rejected his CRPS diagnosis.  Dkt. 10 at 6.  The Court does not agree that this was why the ALJ erred—the ALJ erred because it recited Dr. Lenhart's limitations and did not actually evaluate them.  *See* AR 28.  Defendant argues the ALJ reasonably found Dr. Lenhart's opinion lacking support by pointing to the ALJ's rationale at step two.  Dkt. 15 at 5–6.  But at step two, the ALJ was not evaluating Dr. Lenhart's opinion or contemplating whether Dr. Lenhart's proposed limitations were supported by relevant medical evidence or explanations.  As discussed above, the ALJ was considering Dr. Lenhart's *letter*—not his medical opinion—to determine whether Plaintiff's CRPS was medically determinable.  *See* AR 19 (citing AR 1252).  Defendant also invites the Court to look at the ALJ's full decision and argues that based on the

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

ALJ's discussion of Plaintiff's reported activities and improvement from treatment (during the ALJ's assessment of Plaintiff's testimony), the ALJ reasonably made an inconsistency finding. Dkt. 15 at 6–7 (citing *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022)). But the Court may only affirm an ALJ's decision based on the reasons actually given, "not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

Further, the Court does not agree that *Kaufmann* applies here. In *Kaufmann*, the Ninth Circuit explained that a reviewing court has to look at the ALJ's "full explanation" when determining whether an ALJ's finding is supported by substantial evidence. 32 F.4th at 851. That is, a court cannot ignore the other reasons the ALJ provided to support that finding, even if those reasons are scattered throughout the ALJ's decision. *See id*. But this entails that the ALJ make a finding in the first place, which the ALJ did not do here. If the ALJ found the medical opinion persuasive, then it is not clear from the record. If the ALJ sought to reject it, as Defendant argues, then the ALJ erred by failing to articulate the reasons for doing so. *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

Further, if the Court were to consider Plaintiff's activities and reports of improvement to make an inconsistency finding as Defendant requests, the Court would not only be using the ALJ's rationale for a finding that has a different legal standard, it would also essentially—and impermissibly— be taking the place of the ALJ as "the final arbiter with respect to resolving ambiguities in the medical evidence." *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

2008).  Thus, by failing to evaluate Dr. Lenhart's medical opinion, the ALJ erred.

      **3.**      **Scope of Remedy**

Plaintiff requests the Court remand this matter for an award of benefits, or alternatively, for a new hearing.  Dkt. 10 at 6.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Only the first step is met here, as the Court has found the ALJ erred in evaluating Dr. Lenhart's medical opinion.  However, it is contradicted by other evidence in the record, raising a conflict in the record that requires a resolution. *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues requiring

resolution *before* considering whether to hold that [the rejected evidence] is credible as a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105). Plaintiff also has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances. Accordingly, the Court finds remanding for further proceedings is the more appropriate remedy.

On remand, the ALJ shall reevaluate the medical opinion evidence. The ALJ shall reevaluate all relevant steps of the disability evaluation process and conduct all proceedings necessary to reevaluate the disability determination in light of this order.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE